IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Glen J Dunn, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Jeffrey G Brown, <br><br> Defendant. | No. 20 CV 5645 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Defendant Jeffrey G. Brown's Motion to Strike and Bar Certain Witnesses ("Motion") [ECF 59] is granted in part and denied without prejudice in part. The Motion is granted pursuant to Federal Rule of Civil Procedure 37(c)(1)(C) to the extent the Court will strike Plaintiff Glen J. Dunn, Jr.'s untimely Federal Rule of Civil Procedure 26(a)(1) disclosure of three additional witnesses – Dariusz Las, Remzi Jaos, and Jayne Dudek – who were disclosed a week after the close of non-medical fact discovery in this case. The Motion is denied without prejudice to the extent of Brown's request that the witnesses be barred from testifying at trial. I defer to the trial judge whether there is any circumstance under which any of these witnesses can testify at trial given that they were not timely disclosed pursuant to Rule 26(a)(1) or Rule 26(e), and Brown did not have an opportunity to depose them or conduct any discovery relating to them before the close of fact discovery. I recommend, however, that none of these witnesses be allowed to testify at trial in Defendant's case in chief

for the reasons discussed in this Memorandum Opinion and Order consistent with Rule 37(c)(1).

On June 25, 2021, the Court entered an order closing non-medical fact discovery in this case on August 11, 2021 "without prejudice to a request for a short further extension for any non-medical fact witnesses who cannot be deposed before that date." [ECF 51]. The August 11, 2021, deadline passed without Defendant requesting more time to depose any previously disclosed non-medical fact witnesses. The parties are now engaged in discovery of their respective medical treaters. At the parties' request, the Court has extended the close date for this medical fact discovery three times since June 2021, and it is now scheduled to close on January 14, 2022. [ECF 56, 68, 74].

One week after the deadline to complete non-medical fact discovery, Brown served a supplemental Rule 26(a)(1) disclosure identifying three additional non-medical fact witnesses: Dariusz Las, Remzi Jaos, and Jayne Dudek. *See* Plaintiff's Rule 26(a)(1) Supplemental Disclosures, attached as Exhibit E to Brown's Motion [ECF 59]. Las is described as "[o]ne of Glenn's closest personal friends." *Id*. Jaos is described as a client, personal friend, and occasional golfing partner of Dunn's. *Id*. Dudek is described as Dunn's current girlfriend. *Id*. In his Response to Brown's Motion [ECF 61], Dunn says he began dating Ms. Dudek in March 2021. [ECF 61], at 3. All these witnesses were identified generically as people with "knowledge and information surrounding the injuries and damages sustained by Plaintiff." Motion [ECF 59], at Exhibit E.

The motorcycle accident that gave rise to this lawsuit occurred on August 22, 2018. [ECF 1]. Dunn made his initial Rule 26(a)(1) disclosures on November 20, 2020. Motion [ECF 59], at 2, citing Exhibit A. He answered Brown's interrogatories on March 12, 2021, without disclosing any additional witnesses. *Id.*, citing Exhibit B. When Dunn identified an additional fact witness and an additional treater during his deposition on April 29, 2021, Brown repeatedly requested that he supplement his Rule 26(a)(1) disclosures before the close of non-medical fact discovery to account for these new witnesses. *Id.,* at 3, citing Exhibit C. Dunn did not do so. Instead, on August 18, 2021, a week after the deadline for completing non-medical fact discovery, Dunn purported to supplement his prior Rule 26(a)(1) disclosures with the names of the two additional witnesses he mentioned during his deposition four months earlier plus the three additional fact witnesses who are the subject of this Motion.[1]

The applicable law here is familiar and clear. Federal Rule of Civil Procedure 26(e) requires a party, in relevant part, to supplement his Rule 26(a)(1) disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." FED.R.CIV.P. 26(e). Rule 37(c)(1) says, again in relevant part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." FED.R.CIV.P. 37(c)(1). Application of the law to the facts of this case yields the firm

---

[1] Brown is not moving to strike or bar the two witnesses identified during Dunn's deposition. One of those witnesses has been deposed and the other is scheduled for deposition in early January 2022. Motion [ECF 59], at 3; Joint Status Report [ECF 75], at 1.

conclusion that Dunn's late witness disclosures are untimely, they are not substantially justified nor harmless, and must be stricken pursuant to Rule 37(c)(1)(C).

Dunn's attempt to supplement his Rule 26(a)(1) disclosures a week after the non-medical fact discovery close date clearly was not timely as required by Rule 26(e). He likely has known two of those witnesses (Las and Jaos), whom he describes as personal friends, for years. He could and should have disclosed them as witnesses "likely to have discoverable information . . . that the disclosing party may use to support his claims or defenses" within the meaning of Rule 26(a)(1) well before he did so, and particularly if he expected them to testify at trial about their "knowledge and information surrounding the injuries and damages sustained by Plaintiff." Motion [ECF 59], at Exhibit E. The third witness, Dunn's current girlfriend Ms. Dudek, whom he has been dating since March 2021, or five months before the expiration of the non-medical fact discovery deadline, also could and should have been disclosed much sooner than she was disclosed and well before that deadline.

Even if Dunn only expected these witnesses to testify about the impact on him of his July 14, 2021 surgery, as he now professes but clearly contrary to what he said in his supplemental disclosures, those supplemental disclosures served on August 18, 2021, more than a month after the surgery, are untimely. These witnesses should have been disclosed for that purpose before the August 11, 2021, non-medical fact discovery close date. Brown expressly requested that Dunn supplement as necessary his Rule 26(a) disclosures in an email on July 21, 2021, a week after Dunn's surgery.

Motion [ECF 59], at Exhibit C. There can be no excuse that Dunn was unaware of the approaching discovery deadline or his obligation to update his Rule 26(a) disclosures in accordance with Rule 26(e). In fact, in a joint status report filed on June 15, 2021, a month before his surgery, Dunn stated that he "intends to supplement his Rule 26(a)(1) disclosures in the coming weeks to disclose additional witnesses in this matter. [ECF 50].[2]

Dunn's untimely disclosures are neither substantially justified nor harmless within the meaning of Rule 37(c)(1). Dunn does not really attempt to justify the fact that he failed to disclose these additional witnesses until after the non-medical fact discovery cut-off date. It is undisputed the disclosures were late. The additional witnesses were well known to Dunn before the cut-off date. Dunn, simply put, blew the deadline. Dunn rather feebly notes that when the Court extended the non-medical fact discovery close date to August 11, 2021, in an order entered on June 25, 2021 [ECF 51], it said the August 11 date was "without prejudice to a request for a short further extension for any non-medical fact witnesses who cannot be deposed

---

[2] In his Response to Brown's Motion, Dunn says that the primary reason he identified the three witnesses who are the subject of Brown's Motion is so they can testify about the impact upon him of the surgery he underwent on July 14, 2021. Response [ECF 61], at 3. That seems to be a shift in position, to put it mildly. Dunn's supplemental Rule 26(a)(1) disclosures are not so limited by their terms. Rather, the stated scope of the witnesses' testimony in those disclosures is said to be their "knowledge and information surrounding the injuries and damages sustained by Plaintiff." Motion [ECF 59], at Exhibit E. Moreover, even if Dunn had limited his supplemental disclosures in the way he characterizes them in his Response brief, the surgery occurred almost a month before the deadline for the close of non-medical fact discovery in this case and more than a month before Dunn purported to supplement his disclosures. Dunn had plenty of time to disclose these witnesses before the non-medical fact discovery close date and after his surgical procedure if his motivation in making the disclosure was so those witnesses could testify only about his condition post-surgery.

before that date." Response [ECF 61], at 3. But that caveat is of no benefit to Dunn now since none of the additional witnesses he disclosed after the August 11 close date were disclosed, subpoenaed, or noticed for deposition before the discovery close date.

Dunn argues, however, that his untimely disclosures are harmless because fact discovery can be reopened to allow Brown to depose the newly disclosed witnesses if he wishes to do so. The Court disagrees. "Late disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery. If that were the determining factor, no court could preclude expert or other testimony that was unseasonably disclosed contrary to the discovery deadline dates set by the Court." Hard Surface Sols., Inc. v. Sherwin-Williams Co., 271 F.R.D. 612, 617 (N.D. Ill. 2010) (Cole, M.J.) (citations omitted). As Judge Cole also noted in *Hard Surface*, "[u]nder the Federal Rules of Civil Procedure, it is the court's prerogative-indeed, its duty-to manage its caseload and to set and enforce discovery and other significant deadlines . . . A party does not have the option of complying with those deadlines or ignoring them and then demanding that the court and the opposing party restructure the discovery schedule to accommodate the violation. *Id.,* citing *Reales v. Consolid. Rail Corp,* 84 F.3d 993, 996 (7th Cir. 1996).

This Court agrees with Judge Cole's sentiments in the context of this case. The parties are now finishing medical fact discovery and then will move on to disclosure and depositions of Rule 26(a)(2) experts pursuant to the schedule previously set by the Court. [ECF 74]. This is not the time to reopen fact discovery and burden Brown with the need to depose three more fact witnesses who by all rights should and could

6

have been disclosed well before the non-medical fact discovery cut-off date. Deadlines are not suggestions to be taken lightly or complied with only as a matter of choice.[3] Dunn had plenty of time to disclose additional witnesses who might testify at trial before the August 11 cut-off date for non-medical discovery. He represented that he was going to do so almost two months before the discovery close date [ECF 50], and he was reminded of his obligation to do so almost a month before the close date. Motion [ECF 59], at Exhibit C. There is no good reason to adjust the current case management schedule now to accommodate Dunn's tardy disclosures given where the parties are in medical discovery. Further, the burden on Brown, the disruption of the Court's case management schedule, and the effect of the attendant delay on the fair administration of justice is not insignificant nor, in the language of Rule 37(c)(1), is it harmless.

Dunn also faults Brown for not attempting to meet and confer about his untimely disclosures before Brown filed the instant Motion to strike and bar. It appears, though, that Brown did try to engage Dunn without success about his failure to amend his Rule 26(a)(1) disclosures at least with respect to the previously undisclosed fact witnesses identified during his deposition. Motion, [ECF 59], at Exhibit C. Moreover, Brown is not seeking discovery so it is unclear that Local Rule 37.2 strictly applies in this situation given that the Local Rule requires the parties to

---

[3] As the Seventh Circuit has noted pithily, "[w]e live in a world of deadlines. If we're late for the start of the game or the movie, or late for the plane or train, things go forward without us. The practice of law is no exception. . .The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 2006).

meet and confer before a court will hear "any and all motions for discovery and production of documents . . . ." *See Finwall v. City of Chicago,* 239 F.R.D. 494, 500 (N.D. Ill. 2006).

Further, Dunn's purported solution to the problem he created – and that he says he would have suggested to Brown had Brown called him to discuss the untimely disclosures before he filed the instant Motion – is to reopen fact discovery so these witnesses now can be deposed which, as discussed above, is not an option. Under these circumstances, a formal Local Rule 37.2 conference concerning the witnesses who are the subject of this Motion prior to its filing would have been pointless and futile. Brown, understandably, was neither inclined nor obligated to agree to change the discovery schedule after the fact to accommodate Dunn's tardy disclosures. Local Rule 37.2 does not prevent the Court from hearing the Motion or from granting it under these circumstances. *Finwall*, 239 F.R.D. at 500-01 ("A call would simply have signaled the defendants' capitulation to the reordering of the discovery schedule necessitated by the plaintiff's rule and discovery closure violations. . . Even if Local Rule 37.2 were applicable under the circumstances presented here, a phone call would have accomplished nothing, and thus the doctrine of futility, which is as applicable in the context of Local Rule 37.2 as it is in any other, *In re Sulfuric Acid Antitrust Litigaiton,* 231 F.R.D. at 356 (collecting cases), excused the failure to call.").

Finally, the Court defers to the trial judge Brown's request that Dunn's three tardily disclosed witnesses be barred from testifying at trial pursuant to Rule 37(c)(1). Brown filed a hybrid Motion seeking both to strike the untimely witnesses as a

8

discovery sanction and to bar them from testifying at trial. Motion [ECF 59]. In my view, the request to strike is clearly before me but the request to bar is more properly directed to the trial judge, not this Magistrate Judge charged only with supervising discovery in this case and settlement. [ECF 12]. To be clear, however, for the reasons outlined above, I have no trouble recommending to the District Judge, and do so recommend, that the three witnesses who are the subject of Brown's Motion should not be allowed to testify at trial. In my mind, though, a formal order from me barring those witnesses from testifying at trial is beyond the scope of the referral in this case and is best reserved to the judge who will try the case, absent an express referral for a report and recommendation on that trial issue. Accordingly, the portion of Brown's hybrid Motion seeking to bar three witnesses from testifying at trial – witnesses that the Court has is striking from Dunn's supplemental Rule 26(a) disclosures – is denied without prejudice to either party raising the trial bar issue before the trial judge at the appropriate time, if necessary.

For all these reasons, Brown's Motion to Strike and Bar Certain Witnesses [ECF 59] is granted in part with respect to the request to strike Dunn's supplemental Rule 26(a)(1) disclosure of witnesses Dariusz Las, Remzi Jaos, and Jayne Dudek, and denied in part but without prejudice with respect to the request to bar those witnesses from testifying at trial.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 3, 2022